**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Craig Thompson,<br><br>             Plaintiff,<br><br>vs.<br><br>StreetSmart, Inc., a Delaware corporation;<br>Dave Batt, an Illinois resident,<br><br>             Defendants. | No. CV-10-1885-PHX-LOA<br><br>**ORDER** |

On December 14, 2010, the day before the scheduled default damages hearing against only Defendant StreetSmart, Inc., a Delaware corporation, Plaintiff filed a Motion for Extension of Time to Serve Defendant Dave Batt and for Substituted Service Upon Defendant Dave Batt. (Doc. 26)  In the Motion, Plaintiff requests the Court grant a 120-day extension of time within which to serve Defendant Dave Batt ("Batt"). (*Id.* at 1)  Because Batt is a resident of Illinois, the President, Chief Executive Officer ("CEO"[1]) and employee of Defendant StreetSmart, Inc., a small, closely held corporation, *see* affidavit of Plaintiff Craig Thompson, Exhibit B, ¶ 3, doc. 26-1 at 18, Plaintiff also "requests that he be allowed to utilize the service that has already been completed upon StreetSmarts as substituted service upon Defendant Batt, and to provide a return to Batt by mailing proof of such service to his

---

[1] See, Complaint, doc. 1, ¶ 18 at 4. Also see, Plaintiff's proposed findings of fact and conclusions of law regarding Batt's close relationship to, and "complete control of Defendant Streetsmart, Inc." (Doc. 25, ¶¶ 26-27 at 9)

two known addresses and to the statutory agent for StreetSmarts, postage prepaid only." (Doc. 26 at 6)

**I. Service of Process**

Federal Rule of Civil Procedure 4(e) provides in relevant part:

Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; . . .

Rule 4(e), Fed.R.Civ.P. Constitutional due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Thus, "[d]efendants must be served in accordance with [Rule 4], or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citation and footnote omitted). "Neither actual notice . . . nor simply naming the person in the caption of the complaint . . . will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* (citations omitted). However, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

"Under the law of Illinois . . . service on a corporation may be made 'by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State,' or 'in any other manner now or hereafter permitted by law.'" *Miles v. WTMX Radio Network*, 2002 WL 1359398, * 4 (N.D.Ill. 2002) (quoting 735 Illinois Civil Statutes ("ILCS") 5/2-204). In *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 747 N.E.2d 524, 531 (Ill.Ct. App. 2001), a wife was unable to serve a petition for dissolution of marriage on her husband by leaving a copy of the summons with him

1  personally or by leaving a copy at his usual place of abode with some person of the family
2  or a person residing there of the age 13 years or older because he was intentionally avoiding
3  service of process. The Illinois court stated:

> [A]pparently unable to serve [husband] by either of these methods, [wife] invoked section 2-203.1 of the Civil Practice Law (735 ILCS 5/2-203.1 (West 1998)). Section 2-203.1 provides that, if service by either of the two methods listed above is "impractical," the [wife] may move, without notice, "that the court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1 [2] (West 1998).

*Id.* Recognizing that courts do not favor those who attempt to evade service of process, the Illinois court interpreted "a comparable method of service" to include substituted service, holding that "[u]nder these circumstances, service upon an employee was sufficient to convey notice to [husband]. In other words, it is reasonable to believe that an employee would advise his employer that he had been served on the employer's behalf." *Id.* Relying on *Schmitt*, Plaintiff requests service upon the statutory agent of Batt's employer, StreetSmart, Inc., as comparable service on Batt because it is reasonable to believe that the statutory agent of Batt's employer would advise its President and CEO (Batt) that it had been served on Batt's behalf.

---

[2] Illinois Code Statute § 735 5/2-203.1 provides:

> Service by special order of court. If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied with an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful. The court may order service to be made in any manner consistent with due process.

735 ILCS 5/2-203.1

**II. Discussion**

Based upon Plaintiff's Motion and verified attachments, the Court finds that Defendant Batt is intentionally avoiding service of process, Plaintiff has exercised due diligence in attempting to serve Defendant Batt, and good cause exists within the meaning of Rule 4(m), Fed.R.Civ.P., to extend the deadline to serve Defendant Batt with process. *Townsel v. County of Contra Costa*, 820 F.2d 319 (9th Cir. 1987); *In re Sheehan*, 2001 WL 682453 (9th Cir. 2001). The Court further finds that Plaintiff has met the requirements of Illinois law for authorizing substituted service on Defendant Batt pursuant to Rule 4(e)(1), Fed.R.Civ.P., 735 ILCS 5/2-203.1; and *Schmitt*, *supra*. The Court further finds that service of process on the statutory agent of Batt's employer, StreetSmart, Inc., and full compliance with all the requirements of 735 ILCS 5/2-203.1, is, and will be, "reasonably calculated, under all the circumstances, to apprise [Defendant Batt] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane*, 339 U.S. at 314.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Dave Batt and for Substituted Service Upon Defendant Dave Batt, doc. 26, is **GRANTED** as follows:

1. Plaintiff shall have until and including **Friday, April 15, 2011** in which to complete service upon Defendant Dave Batt unless extended by the Court upon a showing of good cause and due diligence by Plaintiff, and

2. Plaintiff is hereby authorized to utilize substituted service of process upon Defendant Batt. Plaintiff must physically serve the Summons and Complaint upon the authorized statutory agent for Defendant StreetSmart, Inc., in Delaware, and provide a copy of the process server's verified Return of Service to Defendant Dave Batt by mailing, postage prepaid only, a copy of proof of such Service, together with a copy of the Summons and Complaint, to Dave Batt at 17W710 Butterfield Rd. # 317, Oakbrook Terrace, IL 60181 and 222 May Ave., Glen Ellyn, IL 60137, as well as mailing a copy of the Return of Service to StreetSmarts' statutory agent.

**IT IS FURTHER ORDERED** that Plaintiff's default damages hearing set for December 15, 2010 is hereby **VACATED** without prejudice until after service of process is complete on Defendant Dave Batt or further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment, doc.16; Request and Affidavit for Entry of Default Judgment against Defendant StreetSmarts, Inc. for Failure to Pay Wages, doc.18; and Motion for Award of Attorney Fees and Costs, doc. 24, are **DENIED** without prejudice.

Dated this 16th day of December, 2010.

_/s/ Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge